**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No.: _____

DAVID WALTON, *individually and on behalf of all others similarly situated*,

    Plaintiff,

vs.

Removed from the Circuit Court of Miami-Dade County, Florida
CASE NO. 2022-007176-CA-01

CEREBRAL, INC.,

    Defendant.
_____/

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Cerebral Inc. ("Cerebral"), by and through its undersigned counsel, hereby gives notice pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, and in accordance with 28 U.S.C. §§ 1332 and 1711, of the removal of this action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, bearing the Case Number 2022-007176-CA-01, to the United States District Court for the Southern District of Florida based on the following:

### TIMELINESS OF REMOVAL

1. On or about April 19, 2022, Plaintiff David Walton ("Plaintiff") filed a Complaint against Cerebral in the Circuit Court of Miami-Dade County, Florida, Case No. 2022-007176-CA-01 (the "Action").

2. On or about April 21, 2022, Plaintiff filed a First Amended Class Action Complaint ("FAC"). A true and correct copy of the FAC and Summons is attached as Exhibit A.

3. On April 27, 2022, Cerebral was served with the FAC. *See* Ex. A.

4. The timing of this Notice of Removal is proper under, under 28 U.S.C. § 1446(b)(1), because it is filed within thirty (30) days of Cerebral's receipt of the Complaint, as calculated according to the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 6(a)(1).

### GROUNDS FOR REMOVAL

### Federal Question Jurisdiction

5. Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

6. The action arises under the law of the United States because Plaintiff is asserting claims under the Federal Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"). Specifically, Plaintiff's second and third causes of action allege TCPA violations.

7. Accordingly, because Plaintiff has asserted claims "arising under the … laws… of the United States," this Court has original jurisdiction over this action and removal is proper. 28 U.S.C. § 1331.

8. Under 28 U.S.C. § 1441(a), "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

9. This Court "embraces" the place where the State Court Action is pending, which is the Circuit Court for the 11th Judicial Circuit for Miami-Dade County, Florida. The action may therefore properly be removed to the Miami Division of this Court.

### Supplemental Jurisdiction

10. The Court has supplemental jurisdiction over Plaintiff's claims brought under the Florida Telephone Solicitation Act, Fla. Stat. § 501.059 ("FTSA").

11. When a defendant removes a lawsuit that joins both federal and state law claims, the district court shall exercise supplemental jurisdiction over the state law claims if those claims "form part of the same case or controversy." 28 U.S.C. § 1367(a). The "case or controversy" requirement under 28 U.S.C. § 1367(a) confers supplemental jurisdiction over all state "claims which arise out of a common nucleus of operative fact with a substantial federal claim." *Lucero v. Trosch*, 121 F.3d 591, 597 (11th Cir. 1997).

12. Here, Plaintiff's FTSA claims arise from the same set of factual allegations, the alleged telephone solicitations, pled in support of his federal TCPA claims. Thus, the state law claim and federal law claims in this case arise out of a common nucleus of operative facts.

13. Accordingly, this Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367(a), and this action is removable in its entirety.

### Class Action Fairness Act of 2005

14. This Court also has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1441(b) because (a) at least one member of the plaintiff class is a citizen of a different state than Cerebral; and (b) the amount in controversy exceeds the jurisdictional minimum of $5,000,000. *See* 28 U.SC. §§ 1332(d)(2), 1441(b).

15. CAFA applies "to any class action before or after the entry of a class certification order by the court with respect to that action." 28 U.S.C. § 1332(d)(8). This case is a putative "class action" under CAFA because it was brought under a state statute or rule, namely Florida

Rule of Civil Procedure 1.220, authorizing an action to be brought by one or more representative persons as a class action. *See* 28 U.S.C. § 1332(d)(1)(B); *see also* Ex. A, ¶¶ 38-47.

16. In the FAC, Plaintiff asserts that Cerebral "engages in telephonic sales calls to consumers without having secured prior express written consent" and "without providing the required seller identification information" in violation of the FTSA and TCPA. Ex. A, ¶ 2.

17. Plaintiff asserts his FTSA and TCPA causes of action on behalf of himself and a putative class of similarly situated individuals. Specifically, Plaintiff alleges he "brings this lawsuit as a class action on behalf of the following two classes:"

> FTSA Class: All persons in Florida who, (1) were sent a telephonic sales call regarding Defendant's property, goods, and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff.
>
> Seller Identification Class: All persons within the United States who, within the four years prior to the filing of this Complaint through the date of class certification, (1) received two or more text messages within any 12-month period, (2) regarding Defendant's property, goods, and/or services, (3) to said person's residential telephone number, (4) that did not disclose the name of the individual caller, the name of the person or entity on whose behalf the call is being made, or a telephone number or address at which the person or entity may be contacted.

Ex. A, ¶ 38.

18. On behalf of himself and the putative class, Plaintiff seeks declaratory and injunctive relief and "and award of statutory damages for Plaintiff and each member of the Class as permitted under the TCPA and FTSA." *Id.* Prayer for Relief, a-e.

19. Under CAFA, federal courts have original jurisdiction over class actions where the amount in controversy exceeds $5 million in the aggregate for the entire class, exclusive of interest and costs; the putative class action contains at least 100 members; and any member of

the putative class is a citizen of a state different from that of any defendant. *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)(B), and (d)(6).

20.     Cerebral denies any liability as to Plaintiff's individual claims and as to the claims of the putative class members. Cerebral expressly reserves all of its rights, including, but not limited to, its right to file motions to compel arbitration and motions challenging the pleadings. However, for purposes of meeting the jurisdictional requirements for removal *only*, Cerebral submits on a good-faith basis that this action satisfies all requirements for federal jurisdiction under CAFA because, as set forth below, the allegations in the FAC along with Cerebral's submissions in support of this Notice of Removal identify a putative class of more than 100 members, establish the minimum diversity of citizenship required under CAFA, and put in controversy more than $5 million in the aggregate for the entire class, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)(B), and (d)(6).

    **A.**    **Diversity Of Citizenship**

21.     The minimum diversity of citizenship criterion under CAFA is met if a plaintiff or "any member" of the putative class "is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

22.     Upon information and belief and as alleged by Plaintiff, at the time Plaintiff commenced this class action, and at all times since, Plaintiff was and is "a citizen and resident of Miami-Dade County, Florida." *See* Ex. A, ¶ 5.

23.     Plaintiff further alleges that one of the putative classes consists of "[a]ll persons in Florida" who received certain messages. Ex. A, ¶ 38.  The other putative class consists of "[a]ll persons within the United States" who received certain messages. *Id.*  Residence is an essential element of citizenship for purposes of establishing diversity jurisdiction.  *See Travaglio v. Am.*

*Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) (citizenship in a state "requires both residence in a state and an intention to remain there indefinitely") (internal quotation marks and citation omitted). Thus, it is reasonable to infer that many of the putative class members are citizens of Florida.

24. At the time Plaintiff commenced this class action, and at all times since, Cerebral was and is a domestic corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of California. *See* Exhibit B, Declaration of Sharon Wu, ¶ 3. Cerebral is thus a citizen of both Delaware and California. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business ....").

25. Accordingly, for purposes of diversity jurisdiction at least one member of the plaintiff class is a citizen of a different state than Cerebral. *See* 28 U.S.C. § 1332(d)(2)(A).

**B.  Putative Class of More Than 100 Members**

26. In the FAC, Plaintiff alleges violation of FTSA and TCPA on behalf of himself and a putative class of "at least 100" consumers who received telephonic sales calls from Cerebral. *See* Ex. A, ¶¶ 40, 41. Though the precise numbers are "unknown" to Plaintiff, he alleges that the number of putative class members "can be ascertained . . . from [Cerebral's] call records." *Id.* at 41.

27. Based on Cerebral's records, since January 2020, Cerebral has sent text messages to at least 100,000 customers located in Florida, with the number of customers in the United States that received text messages from Cerebral far exceeding that amount. *See* Ex. B, ¶ 4.

28. Accordingly, while Cerebral denies that class treatment is permissible or appropriate, each putative class plainly consists of more than 100 members, based on the FAC's allegations and Cerebral's records.

### C. Amount In Controversy Requirement

29. Although Cerebral denies that Plaintiff's claims have any merit and disputes that Plaintiff is entitled to any of the relief sought in the FAC, Cerebral avers, for the purposes of meeting the jurisdictional requirements for removal only, that the amount in controversy exceeds $5 million.

30. Courts are not limited to the four corners of the Complaint when determining the amount in controversy. "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (quoting *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001)) (holding that district court erred in rejecting defendant's declaration in support of notice of removal evidencing the amount in controversy exceeded CAFA's $5 million threshold).

31. Plaintiff does not claim any specific amount in total damages, but avers that each member of the putative class is entitled to at least $500.00 in statutory liquidated damages. *See* Ex. A, ¶¶ 55, 61.

32. As set forth above, Cerebral sent text messages to at least 100,000 customers located in Florida, with the number of customers in the United States that received text messages even higher. *See* Ex. B, ¶ 4.

33. Without admitting the veracity of Plaintiff's allegations or the propriety of class treatment in this Action, a reasonable and commonsense reading of the Complaint, particularly the amount it claims each class member is entitled to in statutory liquidated damages, along with Cerebral's submissions in support of this Notice of Removal show that the amount in controversy requirement of 28 U.S.C. § 1332(d)(2) is satisfied. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold").

D. **CAFA's Exceptions Do Not Apply**

34. The exceptions to removal under 28 U.S.C. section 1332(d) do not apply to this case.

## VENUE, NOTICE, AND RESERVATION OF RIGHTS

35. The United States District Court for the Southern District of Florida is the appropriate venue for removal because the Circuit Court of the Eleventh Judicial Circuit Miami-Dade County, Florida (where the Complaint was originally filed) is within the jurisdiction of the Southern District of Florida. *See* 28 U.S.C. §§ 1391, 1441(a), and 1446(a).

36. In accordance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders served upon Cerebral are attached as Exhibit A.

37. Pursuant to 28 U.S.C. §§ 1446(d) and 1453, prompt written notice of this Notice of Removal will be sent to Plaintiff and the Clerk of Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida contemporaneously with its filing in this Court.

38. As of the date of this Notice of Removal, Defendant has not filed a responsive pleading in the Action. By removing this action, Defendant does not waive any rights or

defenses available under state or federal law.  Specifically, Defendant reserves, without limitation, any and all defenses supporting dismissal of the Amended Complaints, any and all rights to compel arbitration, and any and all grounds in opposition to class certification. Defendant further reserves the right to amend or supplement this Notice of Removal.

39. No statement in this Notice of Removal should be construed as an admission the Amended Complaint's allegations have merit or are sufficient to state a claim.  Similarly, no statement in this Notice should be deemed an admission of liability of that Plaintiff or any other putative class member has demanded or is entitled to relief.

WHEREFORE, Cerebral respectfully requests that the above-referenced action, originally filed in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County Count, Florida, be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, and 1332.  Defendants request that this Court retain jurisdiction for all further proceedings in this matter.

Dated: May 18, 2022

Respectfully submitted,

By: /s/ Nury Siekkinen
Nury Siekkinen
Florida Bar No. 1015937
Primary email: nury@zwillgen.com
**ZWILLGEN PLLC**
1900 M Street NW, Suite 250
Washington, DC 20036
Telephone: (202) 296-3585
Facsimile:  (202) 706-5298

*Attorney for Defendant Cerebral Inc.*

## CERTIFICATE OF SERVICE

I certify that on May 18, 2022, a true and accurate copy of the foregoing has been electronically filed with the Clerk of the Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List by electronic mail.

  /s/ Nury Siekkinen
Nury Siekkinen (Florida Bar No. 1015937)

## SERVICE LIST

Manuel Hiraldo
HIRALDO P.A.
401 E. Las Olas Blvd., Suite 1400
Fort Lauderdale, Florida 33301
MHiraldo@Hiraldolaw.com